IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT CINCINNATI

| | | |
|---|---|---|
| **MICHAEL JOHNSON**, | : | |
| | : | Case No.: 1:18-cv-138 |
| On behalf of himself and all similarly situated individuals, | : | |
| | : | |
| Plaintiffs, | : | JUDGE |
| | : | |
| vs. | : | |
| | : | |
| **CINCINNATI BELL, INC.** | : | |
| | : | |
| **CINCINNATI BELL TELEPHONE COMPANY, LLC** | : | |
| | : | |
| Defendants. | : | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Michael Johnson ("Plaintiff" or "Plaintiff Johnson"), on behalf of himself and other similarly situated individuals, brings this collective and class action lawsuit, pursuant to 29 U.S.C. § 216(b), against Defendants Cincinnati Bell, Inc. and Cincinnati Bell Telephone Company, LLC (collectively, "Defendants") to recover for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, Ohio's Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. §§ 4111.01, 4111.03 and 4111.10, and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the OMFWSA and the OPPA will be referred to collectively as the "Ohio Acts").

1

The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendants have employed the Plaintiff and others similarly situated in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claim have occurred in the Southern District of Ohio, and Defendants have done substantial business in the Southern District of Ohio.

## PARTIES

4. Plaintiff Michael Johnson ("Plaintiff" or "Plaintiff Johnson") is an individual residing in Cincinnati, Ohio.

5. Plaintiff Johnson was employed by Defendants as an Outbound Sales Representative ("OSR") from approximately December 2015 to approximately May 2016.

6. Plaintiff Johnson's consent form is attached hereto as **Exhibit A**.

7. Defendant Cincinnati Bell Inc. is a corporation registered to do business in the State of Ohio, and can be served by and through its Registered Agent, Corporation Service Company, at 50 West Broad Street, Suite 1330, Columbus OH 43215.

8. Defendant Cincinnati Bell Telephone Company, LLC is a domestic limited liability company registered to do business in the State of Ohio with a principal business address

2

of 221 E. Fourth Street, Cincinnati Ohio 45202. Defendant can be served by and through its Registered Agent, Corporation Service Company, at 50 West Broad Street, Suite 1330, Columbus OH 43215.

## FACTS

9. Defendants are in the business of providing integrated communications solutions, including local and long distance voice, data, high-speed Internet, and video entertainment services, to residential and business customers throughout Ohio, Kentucky and Indiana. *See* https://www.cincinnatibell.com/about-us/history (last visited February 22, 2018).

10. Upon information and belief, Defendants' business enterprise has an annual gross volume of sales made or business done in excess of $500,000.00.

11. Defendants jointly employ individuals engaged in commerce or in the handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

12. Defendants are enterprises covered by the FLSA.

13. During relevant times, Defendants have employed numerous workers in the Consumer Sales Department to provide Defendants' services, including Plaintiff and similarly situated individuals. All of these individuals make up the putative FLSA Class and Ohio Acts Class.[1] While exact job titles may differ, Plaintiff and the putative Class Members were subjected to the same or similar illegal pay practices for similar work performed.

14. Plaintiff and the putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

15. The work performed by Plaintiff and the putative Class Members did not (and currently do not) require any special skill, extensive training, or expert knowledge.

---

[1] The terms "putative Class Members" includes potential members of both the FLSA Class (defined at ¶38) and the Ohio Acts Class (defined at ¶47).

16. Plaintiff and the putative Class Members did not (and currently do not) have the authority to hire or fire other employees, and they were not (and currently are not) responsible for making hiring or firing recommendations, nor have Plaintiff and the putative Class Members supervised two or more employees.

17. Plaintiff and the putative Class Members' duties did not (and currently do not) concern work directly related to the management or general business operations of Defendants or their customers.

18. Plaintiff and the putative Class Members were not employed by a "retail or service establishment" as defined under Section 7(i) of the FLSA, as 75% of Defendants' annual volume of sales of goods or services is not for resale.

19. Plaintiff was employed by Defendants as an Outbound Sales Representative ("OSR") out of Defendants' Consumer Sales Department from approximately December 2015 to approximately May 2016.

20. While working for Defendants, Plaintiff and putative Class Members regularly worked in excess of (40) hours per workweek, often times up to forty-five (45) hours per workweek, sometimes more.

21. While working for Defendants, Plaintiff and putative Class Members were responsible for engaging current and prospective customers in order to sell residential service for home phone, long distance, internet, wireless, and video products through outbound dialing and, to some extent, social media.

22. Plaintiff, along with all other putative Class Members, fulfilled these duties in Defendants' office located at the Atrium II building in downtown Cincinnati.

23. Upon information and belief, Defendants used a Time Card system to track the Consumer Sales Department employees' daily hours worked at the Atrium II building, including Plaintiff's and putative Class Members' hours.

24. Defendants compensated OSRs, including Plaintiff and putative Class Members, in the form of a fixed weekly amount plus monthly commissions. For example, as an OSR, Plaintiff's compensation consisted of a fixed weekly amount of $519.20 per week, plus monthly commissions.

25. Defendants paid commissions to OSRs, including Plaintiff and putative Class Members, at the end of the month following the month in which the commissions were earned, e.g., commissions earned in January 2016 were paid by Defendants in the final pay period of February 2016.

26. Plaintiffs and putative Class Members did not and currently do not perform work that exempts them from the overtime requirements of the FLSA and Ohio Wage Act.

27. Under the FLSA, commission payments should have been included in Plaintiff and the putative Class Members' regular rates of pay before any and all overtime multipliers were applied. 29 C.F.R. § 778.120.

28. However, Defendants failed to pay Plaintiff and other putative Class Members the full and proper overtime compensation for hours worked over forty (40) in a workweek because Defendants failed to include monthly commission payments in the regular rate calculation for purposes of overtime.

29. Defendants did not supplement the overtime payments to Plaintiff or putative Class Members with additional compensation to account for the increase in their regular rates of pay attributable to their monthly commission payments, as required under the FLSA. *See* 29 C.F.R. § 778.120(a).

30. As a result of failing to include commission payments in the regular rate, Defendants denied Plaintiff and the putative Class Members full and proper overtime pay as a result of a widely applicable, illegal pay practice. Plaintiff and the putative Class Members regularly worked in excess of forty (40) hours per week but did not receive the correct overtime compensation.

31. In failing to pay Plaintiff and putative Class Members the required overtime compensation for any overtime hours worked, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

**Facts relating to Plaintiff Johnson**

32. At the time of Plaintiff's termination in May 2016, Plaintiff was expecting to receive a final commission check in the amount of approximately $5,063.50.

33. Around approximately September 2016, Plaintiff was informed by Defendants' Human Resources Department that there would be no further earnings due to Plaintiff because the amount of deactivations surpassed his expected commission amount.

34. Plaintiff subsequently contacted Defendants' Human Resources department and requested documentation to verify the deactivations described above, but Plaintiff was ultimately unable to obtain the documents from Defendants.

35. Additionally, on October 4, 2016, Plaintiff submitted a records request to Defendants pursuant to the Ohio Constitution, Article II Section 34a and related Ohio Revised Code Provisions, requesting information relating to Plaintiff's occupations, pay rates and compensation, hours and location of work, and a copy of all itemized monthly sales documents from which Plaintiff's commissions were calculated.

36. Defendants responded to the records request on October 18, 2016; however, aside from time sheets and gross earnings reports, Defendants failed to produce any documents or

information relating to Plaintiff's commissions, and as of the date of this Complaint, Plaintiff has not received any payment for his final commission check.

## COLLECTIVE ACTION ALLEGATIONS

37. All of the preceding paragraphs are realleged as if fully rewritten herein.

38. Plaintiff brings his FLSA claims pursuant to 29 U.S.C. §216(b) as a representative action on behalf of himself and all other similarly situated individuals of the opt-in class, consisting of:

> **All individuals employed by Defendants as Outbound Sales Representatives or other similar job positions who worked at least forty (40) hours per week during any time within the past three years (the "FLSA Class" or the "FLSA Class Members").**

39. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and the putative FLSA Class Members, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

40. Defendants' failure to pay full and proper overtime compensation results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual FLSA Class Members.

41. Thus, Plaintiff's experiences are typical of the experiences of the putative FLSA Class Members, and the specific job titles or precise job requirements of the various putative FLSA Class Members do not prevent collective treatment.

42. Absent a collective action, many members of the proposed FLSA Class likely will not obtain redress of their injuries and Defendants will retain the proceeds of its rampant violations.

43. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

44. The precise size and identity of the proposed FLSA Class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

45. Accordingly, Plaintiff's Proposed FLSA Class of similarly situated plaintiffs should be certified as defined above as in Paragraph 38.

## CLASS ACTION ALLEGATIONS

46. All of the preceding paragraphs are realleged as if fully rewritten herein.

47. Plaintiff brings his Ohio Acts claims as class actions pursuant to Federal Rule of Civil Procedure 23 on behalf of **all individuals employed by Defendants as Outbound Sales Representatives or other similar job positions who worked at least forty (40) hours per week during any time within the past three (3) years. ("Ohio Acts Class" or "Ohio Acts Class Members").**

48. Class action treatment of Plaintiff's Ohio Acts claims is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

49. The Ohio Acts Class, upon information and belief, includes over 100 individuals, all of whom are readily ascertainable based on Defendants' standard payroll records and are so numerous that joinder of all class members is impracticable.

50. Plaintiff is a member of the Ohio Acts Class, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

51. Plaintiff and his counsel will fairly and adequately represent the class members and their interests.

52. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendants' companywide pay policies. The legality of these policies will be determined through the resolution of generally applicable legal principles to a common set of facts.

53. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## CAUSES OF ACTION

### COUNT I
### (FLSA Collective Action - Unpaid Overtime)

54. All previous paragraphs are incorporated as though fully set forth herein.

55. At all times hereinafter mentioned, Defendants have been employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

56. At all times hereinafter mentioned, Defendants have been enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

57. At all times hereinafter mentioned, Plaintiff and the FLSA Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

58. The FLSA requires that employees receive "time and one-half" overtime premium compensation for hours worked over 40 per week.

59. During all relevant times, Plaintiff and the FLSA Class Members were not exempt from receiving FLSA overtime benefits.

60. Plaintiff and the FLSA Class Members worked more than forty (40) hours in workweeks during times relevant to this case, however, Defendants violated the FLSA by failing to pay Plaintiff and FLSA Class Members the full and proper overtime compensation for hours worked over forty (40) in a workweek.

61. In violating the FLSA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable federal law.

62. Accordingly, Plaintiff and the putative FLSA Class Members are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## COUNT II
### (Ohio Acts Class – Unpaid Overtime)

63. All previous paragraphs are incorporated as though fully set forth herein.

64. Ohio Law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

65. Plaintiff and the Ohio Acts Class Members were or have been employed by Defendants within the past three (3) years, and have been covered employees entitled to the protections of the Ohio Acts.

66. Defendants are employers covered by the requirements set forth in the Ohio Acts.

67. Plaintiff and Ohio Acts Class Members have not been exempt from receiving overtime benefits under the Ohio Acts.

68. Plaintiff and the Ohio Acts Class Members worked more than forty (40) hours in workweeks during times relevant to this case, however, Defendants violated the Ohio Acts by failing to pay Plaintiff and other Ohio Acts Class Members the full and proper overtime compensation for hours worked over forty (40) in a workweek.

69. Plaintiff and the Ohio Act Class Members are entitled to unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available as compensation for Defendants' violations of R.C. §4111.03, by which the Plaintiff and Ohio Act Class Members have suffered and continue to suffer damages.

## COUNT III
### (Ohio Acts Class - Violations of the Ohio Prompt Pay Act, R.C. 4113.15)

70. All previous paragraphs are incorporated as though fully set forth herein.

71. During all relevant times, Defendants have been entities covered by the OPPA and Plaintiff and Ohio Acts Class Members have been jointly employed by Defendants within the meaning of the OPPA.

72. The OPPA requires that the Defendants pay Plaintiff and the Ohio Acts Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. R.C. § 4113.15(A).

73. During all relevant times to this action, Plaintiff and the Ohio Acts Class Members were not paid all wages, including overtime wages at one and one-half times their regular rates within thirty (30) days of performing the work.

74. The wages of Plaintiff and the Ohio Acts Class Members remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

75. In violating the OPPAs, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## COUNT IV
### (Recordkeeping Violations of the Ohio Wage Law)

76. All of the preceding paragraphs are realleged as if fully rewritten herein.

77. The Ohio Wage Law requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq*.

78. During times relevant to this action, Defendants have been covered employers, required to comply with the Ohio Wage Law's mandates.

79. During times relevant to this action Plaintiff and the Ohio Acts Class Members have been covered employees entitled to the protection of the Ohio Wage Law.

80. During times relevant to this action, Defendants have violated the Ohio Wage Act with respect to Plaintiff and the Ohio Acts Class Members by failing to properly maintain accurate records of all hours Plaintiff and the Ohio Acts Class Members worked each workday and within each workweek.

81. In violating the Ohio Wage Act, Defendants have acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for declaratory relief and damages as follows:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Class apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Certifying the proposed Ohio Class under Ohio Law;

D. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

E. Awarding to the Plaintiff and the FLSA Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to the Plaintiff and the Ohio Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

G. Granting Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

H. Awarding Plaintiff, the FLSA Class Members and the Ohio Class Members such other and further relief as the Court deems just and proper;

I. Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the FLSA and Ohio Law;

J. Litigation costs, expenses, and attorneys' fees; and

K. Rendering a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all questions of fact raised by the Complaint.

Dated: February 23, 2018    Respectfully submitted,

**BARKAN MEIZLISH HANDELMAN GOODIN DEROSE WENTZ, LLP**

*/s/* Robert E. DeRose
Robert E. DeRose (OH Bar No. 0055214)
Molly K. Tefend (OH Bar No. 0093574)
250 E. Broad Street, 10th Floor
Columbus, Ohio 43215
T: (614) 221-4221
F: (614) 744-2300
bderose@barkanmeizlish.com
mtefend@barkanmeizlish.com

-and-

**MANGANO LAW OFFICES CO., L.P.A.**

*/s/* Ryan K. Hymore
Ryan K. Hymore (OH Bar No. 0080750)
3805 Edwards Road, Suite 550
Cincinnati, Ohio 45209
T: (513) 255-5888
F: (216) 397-5845
rkhymore@bmanganolaw.com

*Co-Counsel for Plaintiff and Plaintiff Class*